APONTE, APPELLANT, v. REGISTRAR OF CAGUAS, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Deed of Partition.

No. 516.—Decided June 12, 1922.

RECORD OF TITLE — PARTITION — PROPERTY OF MINOR — EMANCIPATION BY MARRIAGE.—As the partition of an estate is the liquidation of a hereditary community and the allotment and division of properties made therein constitute real alienations, a partition is not recordable if one of the minor heirs, although emancipated by marriage, was represented by her husband and not as required by section 307 of the Civil Code; and that defect is not cured by presenting a deed of acquittance wherein the heir only confesses having received the amount of the allotments made to her in the partition.

ID.—ID.—COMMUNITY PROPERTY.—In this case it was sought to distribute among the heirs of Alejandrina Sánchez Rodríguez two properties recorded in the name of Sebastián Aponte Rotger and acquired by him during wedlock, the record not giving the name of the wife. *Held:* That in order that the allotments could be recorded in accordance with article 20 of the Mortgage Law it was necessary to show that Sebastián Aponte was married to Alejandrina Sánchez Rodríguez when he acquired the properties, and for that purpose the best evidence would be the certificate of their marriage.

The facts are stated in the opinion.

*Mr. R. Arce* for the appellant.

The respondent appeared by brief.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

In this case there was presented in the Registry of Property of Caguas deed No. 6 of February 23, 1907, executed in Humacao before notary Ulpiano Valdés Cajás, accompanied by other supplementary documents, for the purpose of recording in the names of Sebastián Aponte Rotger and Rafael, Octavio, Micaela and Cándida Aponte Sánchez certain properties which had been allotted to them in the partition of the estate of Alejandrina Sánchez Rodríguez, deceased, with reference to the properties described in the inventory under the numbers 9 and 12.

The registrar refused the record requested and endorsed on the deed the following decision.

"Record of the preceding document, deed number 6 of the

protocol executed in Humacao on February 23, 1907, before notary Ulpiano Valdés Cajas, is hereby denied, after examining other documents, as regards the properties described in the inventory under the numbers 9 and 12, which are the only ones sought to be recorded, for the following reasons: First. Because it is observed that the said partition and allotment of properties is void on account of the incurable defect that Cándida Aponte Sánchez was not properly and lawfully represented according to the provisions of section 307 of the Civil Code, inasmuch as the said Cándida Aponte Sánchez, who according to the said deed was a minor, but had been emancipated by marriage, was represented by her husband, Modesto Aponte Hernández, who had no legal capacity to be a party to the said deed, in accordance with the provisions of section 307 and subdivision 7 of section 282 of the Civil Code; therefore the consent of one of the heirs interested in the partition is lacking and this omission prevents the recording of the present document in accordance with section 1228 of the Civil Code and the jurisprudence holding that a deed of partition is a whole consisting of parts so interlocked among themselves that a part can not be destroyed without affecting the whole. The documents which accompany the deed as supplementary and the paper exhibited by the verbal attorney in fact are not sufficient to correct the incurable defect assigned. Second: Because it is observed also that neither the records in the name of Sebastián Aponte of the properties which were consolidated into one rural property described in the inventory under number 9, nor the records of the urban property described in the inventory under number 12, give the name of the wife of the said Aponte; and it being stated in this deed in making the allotments to the said Aponte that he was married for the third time and a consolidation having been made of the several properties which form the said rural property, as well as a correction of the description of the urban property referred to by deed number 23 of March 25, 1921, executed before notary Rafael Arce Rollet, to which the said Sebastián Aponte, married, is a party, the name of his wife not being stated, and no document having been presented to prove that the properties sought to be distributed among the heirs of Alejandrina Sánchez y Rodríguez were acquired by Sebastián Aponte during wedlock with the said Alejandrina Sánchez, the failure to establish this point also prevents the recording of this document, for it would be in violation of article 20 of the Mortgage Law; * * * with the curable

defect of failure to show by any document the capacity of Eladio Sánchez Taboada as the lawful guardian of the said minors."

Not agreeing with the registrar's decision, Aponte Rotger took the present appeal and it is now pending before us for consideration and decision.

The first ground of the decision is based on various propositions of law.

In the deed of partition referred to it is stated that Modesto Aponte y Hernández, of age, appears as the representative of his lawful wife, who is a minor emancipated from the *patria potestas* by reason of her marriage. The registrar maintains that the appearance of the minor Cándida Aponte Sánchez in that manner is not valid under the law because she neither appeared personally nor was represented according to law.

In the partition of an estate a hereditary community is liquidated and the allotment and distribution of the properties made in the partition involve real alienations. That being the case, section 307 of the Civil Code applies. It reads as fellows:

"Section 307.—Emancipation capacitates the minor to govern his property and person as if he were of age; but until he attains his majority the said emancipated person cannot make any promise or contract any obligation exceeding in value the amount of his income for one year. Neither can he encumber or sell his real property, without the consent of his father, or in default thereof, that of his mother, and in the proper case, that of his tutor. Neither may he appear in a suit without the appearance of the said persons."

The minor Cándida Aponte Sánchez, although emancipated by marriage, should have been represented in the deed of partition by the person designated in the statute. Her husband could not represent her in the partition which is the subject of this appeal, and it is clear that in doing so he acted unlawfully and this made the deed of partition void for all legal purposes. But the appellant alleges that the defect

just pointed out was explicitly cured by the deeds of February 6, 1905, and March 25, 1921. The appellant alleges that by the former Cándida Aponte y Sánchez ratified and approved the deed of partition and that by the latter her husband, Modesto Aponte Hernández, also ratified and explained the said partition. We need not seriously consider the second deed because it has no lawful effect for the reason that the separate property of the wife of the party to the deed was involved. The husband, at all events, as his wife had attained her majority, should have shown a power of attorney authorizing him to execute it. From the deed of February 6, 1905, we transcribe clauses 2 and 3, as follows:

"Second.—The said partition having been made, there was due to the party appearing herein, as the lawful portion inherited from her mother, the sum of $618.83 which in different sums and at different times she has fully received from her said father, Aponte Rotger.

"Third.—In order that her father may establish the delivery of her maternal lawful portion, and to relieve him in the future from any obligation, she executes in his favor the most effective release for the sum of $618.83, the amount of her maternal lawful portion, it being a fact that she has received the said sum to her satisfaction from her father, Sebastián Aponte y Rotger, before this act."

According to the foregoing clauses, Cándida Aponte y Sánchez acknowledged having received from her father, Sebastián Aponte y Rotger, the sum of $618.83 from the partition of the estate of her mother, Alejandrina Sánchez, and executed a release in his favor for the sum received as her maternal lawful portion. This deed of release was executed on February 6, 1905, and the act of protocolization was executed on February 20, 1907, or two years later. It is not true, therefore, as the appellant alleges, that the deed of partition was ratified and validated by a deed which had been executed prior to the said partition. This involves a physical impossibility. It seems that what the appellant means is

that inasmuch as Cándida Aponte y Sánchez admitted having received a certain sum of money as her maternal lawful portion, this admission would have subsequent effect upon the partition which was protocoled thereafter and would correct the fatal defect existing in the said partition of her not being lawfully represented. However, we do not think that the desired object was attained. In the partition, not money, but certain condominiums in real property were allotted to Cándida Aponte. Under these circumstances the deed of release was defective because it neither alienated in any way the condominiums, nor in clear and exact terms assigned the rights and interests of Cándida Aponte in the estate of her mother, nor, consequently, made an express ratification of the deed of protocolization of the partition.

The second defect referred to by the registrar in his decision violates article 20 of the Mortgage Law. The registrar alleges that from an examination of the books of the registry the properties sought to be distributed among the heirs of Alejandrina Sánchez appear to have been acquired by Sebastián Aponte Rotger as married, without showing to whom he was married on the dates of the respective acquisitions. If the appellant had any doubt about that averment of the registrar, inasmuch as the said appellant maintains the contrary, it would have been easy for him to put into the record a certificate of the entries appearing in the registry regarding the properties sought to be recorded. The nature of these properties could have been made clear in the deed of partition, but instead of doing that Sebastián Aponte Rotger appears therein as married for the second time and this undoubtedly justifies the registrar in holding that the said properties can not be considered as community property of his first marriage with Alejandrina Sánchez. Nevertheless, the appellant attempts to establish this by presenting two other documents. The first document is a copy of a deed for the correction of the description of an urban porperty

.and for the consolidation of properties. Even if this document refers to the same properties, according to the registrar it has a note showing that it was recorded with the curable defect of failure to state the name of the wife of Sebastián Aponte Rotger. We can give no importance to this document, which was executed on March 25, 1921, for the purpose of explaining the deed of partition as regards the properties distributed among the heirs of Alejandrina Sánchez, inasmuch as to the said deed of consolidation of properties only the surviving spouse, Sebastián Aponte Rotger, was a party, without the acquiescence or consent of the other joint owners or coheirs. The second document presented as supplementary to establish the same fact is the baptismal certificate of Cándida Aponte y Sánchez, who was born on October 3, 1883. With this certificate it is attempted to prove the marriage of Sebastián Aponte Rotger to Alejandrina Sánchez, and the reasoning of the appellant is that as the acquisition of the properties was effected at different times after the birth of the legitimate daughter, Cándida Aponte Sánchez, and prior to the death of Alejandrina Sánchez, the conclusion was that such acquisitions took place while the community between the spouses Aponte and Sánchez existed. Thus the existence of the marriage is attempted to be proved by secondary and indirect evidence, or by proving a different fact which, although true, does not conclusively establish the fact of the marriage. The best evidence that should have been presented was the marriage certificate, and this does not appear in the record, nor does the appellant·explain why it was not produced. Under these circumstances, and the registry not disclosing that the properties partitioned are recorded as the separate property of Alejandrina Sánchez, nor, in a clear manner and without room for doubt, in the name of the community composed of the appellant and Alejandrina Sánchez, the result is that the said properties can not be recorded in

the names of the heirs of the latter without violating article 20 of the Mortgage Law.

We think that the curable defect pointed out by the registrar in his decision was well founded for the reason therein set forth.

The decision must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Hutchison concurred.

### ON RECONSIDERATION.

On motion for reconsideration Mr. Justice Franco Soto, on July 24, 1922, delivered the following opinion of the court:

After we rendered the judgment of June 12, 1922, in this case, affirming the registrar's decision, the appellant filed a motion wherein, for the reasons therein stated, he asks for a reconsideration and a judgment to the effect that the records may be made, although with the curable defects which the appellant admits in the documents to which the decision of the registrar refers.

After a careful consideration of the reasons alleged in the motion, we do not see that there has been submitted to our consideration any point of law which we have not covered in our previous decision. The appellant only mentions the fact that when the partition was formally made, Cándida Aponte Sánchez was twenty years of age and that from that time until now about nineteen years have elapsed and no action has been brought for the annulment or the rescission of the contract, and that inasmuch as the time allowed by law for bringing either of these actions has expired, the partition involved in the appeal has become final. The appellant also says that this question was raised in the original brief and that it does not appear to have been decided in the opinion which served as a basis for the judgment of this Court.

However, we did not think it necessary or proper to enter into this question, considering the other grounds of our judgment, but we will now say that we do not believe that that question should be decided in an administrative appeal, thus prejudging a matter which may be the subject of an adversary suit between the interested parties.

For the foregoing reasons the motion for reconsideration must be overruled.

Chief Justice Del Toro and Justices Aldrey and Hutchison concurred.

Mr. Justice Wolf took no part in this decision.

### ON RECONSIDERATION.

On motion for reconsideration Mr. Justice Franco Soto, on November 14, 1922, delivered the following opinion of the court:

The appellant has filed a motion in this case praying for the explanation or amendment of certain portions of the opinion in order that the interested party may bring the corresponding ordinary action in connection with the decision appealed from and affirmed by this court.

The first two explanations refer to the effect of the deed of release executed by Cándida Aponte Sánchez on June 6, 1905, on the partition made on October 29, 1903, approved by the District Court of Humacao on April 26, 1906, and protocoled on February 23, 1907. By the foregoing order of dates it may be readly observed that the "deed of release" executed by Cándida Aponte y Sánchez on June 6, 1905, really makes reference to the private document of partition and not to the deed whereby the same was protocoled, but inasmuch as the legal validity of that partition, in which certain minors were parties, depended upon its approval by the court and its protocolization, such was the meaning of our statement to the effect that it was attempted to validate a

document whose legality depended upon the approval of the court, that approval having been given after the date of the document entitled "deed of release" which was executed long before the partition was protocoled, all of which would impel us, more or less, to make the comment contained in the two paragraphs copied by the appellant from our opinion of July 24, 1922, which is now explained in that manner.

We have no objection, in order to make clearer the third paragraph transcribed in the motion, to explain that in the partition the following properties were allotted to Cándida Aponte y Sánchez, as appears from her schedule:

"1. Three oxen having a given value of one hundred and twenty-one dollars and eighty-seven cents_____ $121. 87
"2. One-third of the urban property in the town of San Lorenzo, described under number 12 of the inventory, with a total value of $1,200, the share of one-third belonging to this heir having, therefore, a value of four hundred dollars_____ 400. 00
"3. Cash_____ 96. 96

Total_____ $618. 83"

We do not think that the description of the above properties alters the substance of our comment, as the fact remains that certain condominiums had been allotted to Cándida Aponte y Sánchez.

The last amendment is made in the sense that the deed of March 25, 1921, of itself has no importance to explain the matter of the community character of the properties distributed among the heirs of Alejandrina Sánchez, for the reasons stated in the opinion.

This disposes of the motion.

Chief Justice Del Toro and Justices Wolf, Aldrey and Hutchison concurred.